IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

(Electronically Filed)

|  |  |  |
|---|---|---|
| SOS INTERNATIONAL LLC, | ) ) ) | |
| Plaintiff, | ) | Case No. 18-73C |
| v. | ) ) | (Judge Kaplan) |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

**UNOPPOSED MOTION TO INTERVENE**

Pursuant to Rule 24(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC"), Six3 Intelligence Solutions, LLC ("Six3"), a subsidiary of CACI, INC. – FEDERAL, respectfully moves the Court for an order to allow Six3 to intervene as a matter of right in this bid protest matter. Alternatively, Six3 moves the Court to allow it to intervene permissively, pursuant to RCFC 24(b)(1)(B). Counsel for Six3 has conferred with counsel for both Plaintiff and Defendant, and neither party opposes Six3's intervention.

**I.    BACKGROUND**

On December 7, 2015, the United States Army ("Army" or "Agency") awarded Contract No. W564KV-16-D-0002 (the "Contract") to Six3 under Solicitation No. W564KV-15-R-0004 ("RFP" or "Solicitation") for intelligence technical services support. On January 19, 2016, Plaintiff SOS International LLC ("SOSi") filed a protest at the Government Accountability Office ("GAO"), in a protest docketed as B-412654. Six3 intervened in that protest. On February 19, 2016, the GAO dismissed the protest as academic after the Agency committed to take corrective action. On March 10, 2016, SOSi filed a complaint with this Court, Docket No.

16-cv-317, challenging the Army's proposed corrective action. *SOS Int'l LLC v. United States*, 127 Fed. Cl. 576 (2016). Six3 intervened in that protest. *Id.* at 584. On July 19, 2016, the Court dismissed SOSi's protest for SOSi's lack of standing and, alternatively, denied the protest on the merits. *Id.* at 591.

On August 17, 2017, SOSi again protested the Army's corrective action to the GAO, in a protest docketed as B-412654.2. Six3 did not intervene in that protest as it was dismissed on September 8, 2017.

The Agency's reevaluation of proposals is ongoing, and Six3 is an actual offeror in that process. On December 14, 2017, the Army invited Six3 to participate in discussions, with responses to evaluation notices and final proposal revisions due on January 18, 2018. Six3 timely submitted the requested information. In the interim, Six3 has been performing the work that is the subject of this protest under a series of bridge contracts.

**II.     ARGUMENT**

Six3 is entitled to intervene as a matter of right in this matter. The Court's rules provide the following:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2).

Six3 has a direct economic interest in this protest. Six3 was the awardee under the Solicitation. Pursuant to its corrective action, the Agency terminated the awarded Contract and engaged in additional source selection measures under the Solicitation. There measures include amendments to the Solicitation, further evaluation of proposals, discussions, and an invitation to

submit revised proposals.  Six3 continued through this process and, on January 16, 2018, submitted its revised proposal.  Under these circumstances, it is beyond serious dispute that Six3 has an economic interest to protect in this protest proceeding – and is entitled to intervene as a matter of right.  *See Emerald Coast Finest Produce Co. v. United States*, 74 Fed. Cl. 679, 681 (2006) (awardee's "well-pled allegations" that "'[a]s successful awardee, [it] is an interested party whose economic well[-]being will or may be affected by this case and these proceedings'" supported granting motion to intervene)*; see also Klamath Irrigation Dist. v. United States*, 64 Fed. Cl. 328, 331 (2005) (noting "economic and business interests" among interest types justifying intervention).

No other party shares or adequately can represent Six3's interest.  Thus, intervention as a matter of right is proper.  *See, e.g.*, *Mgmt. Solutions & Sys., Inc. v. United States*, 75 Fed. Cl. 820, 826-27 (2007) (finding standing to intervene under elements of RCFC 24(a), in part, because Government and awardee did not have identical interests, and the Government "could, at any point in the proceedings, take a position or action that conflicts with [awardee's] interests").

Alternatively, if the Court finds that Six3 is not entitled to intervene as a matter of right under Rule 24(a), Six3 moves the Court to allow it to intervene permissively pursuant to Rule 24(b)(1)(B), which provides, in relevant part, that the Court may permit a party to intervene that "has a claim or defense that shares with the main action a common question of law or fact."  As an awardee of the Contract originally awarded pursuant to this RFP, and as an actual offeror participating in the Agency's reevaluation of proposals as part of its corrective action, Six3 has a claim and defenses relevant to the issues that SOSi summarized in its Notice of Related Cases [Dkt. 7], which was not filed under seal.  In particular, SOSi asserts that changes to the Solicitation favor Six3.  That assertion is wrong – and Six3 intends to prove it to be wrong.

As explained above, allowing Six3 to intervene at this time – immediately after the filing of the Complaint – will in no way delay the action or cause prejudice to the existing parties but, rather, will serve only to further illuminate the issues and to provide necessary protection of Six3's interests.

## III. CONCLUSION

For the reasons stated above, Six3 respectfully requests that this Court enter an order allowing Six3 to intervene as a party defendant.

January 18, 2018

*Of Counsel*:

Richard J. Webber
Patrick R. Quigley
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006-5344
richard.webber@arentfox.com
patrick.quigley@arentfox.com
Tel: 202-857-6254
Tel: 202-857-6218
Fax: 202-857-6395

Respectfully submitted,

s/ Craig S. King
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006-5344
craig.king@arentfox.com
Tel: 202-857-8938
Fax: 202-857-6395
*Attorney of Record for*
 *Six3 Intelligence Solutions, LLC*